UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TERRI BURLESON, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>     v.<br><br>SUNTRUST BANK; SUNTRUST BANKS, INC.; and DOES 1 through 10, inclusive,<br><br>     Defendants. | Civil Action No. 3:12-cv-734<br><br>CLASS / COLLECTIVE ACTION COMPLAINT<br><br><br>**JURY TRIAL DEMANDED** |

Terri Burleson, ("Burleson" or "Plaintiff"), on behalf of herself and all others similarly situated, alleges as follows:

## INTRODUCTION

1. As explained herein, under applicable employment laws, Financial Service Representatives are entitled to compensation for all hours worked, including premium overtime compensation. In short, if Financial Service Representatives work over forty (40) hours per week, they are entitled to overtime pay.

2. Plaintiff brings this action as a collective action to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA" or the "Act") on behalf of a class of current and former Financial Service Representatives employed by SunTrust Bank, SunTrust Banks, Inc. or any other parent, subsidiary, related, or successor companies (collectively, "SunTrust" or the "Company").

3. Plaintiff also brings this action as a state-wide class action on behalf of a class of current and former Financial Service Representatives within the State of North Carolina, who are or were employed by the Company, to recover overtime compensation pursuant to the

North Carolina Wage and Hour Act, N.C. Gen. Stat. 1 95-25.4(a) ("NCWHA").

4. Plaintiff is unaware of the names and capacities of those defendants sued as DOES 1 through 10, but will seek leave to amend this complaint once their identities become known to Plaintiff. Upon information and belief, Plaintiff alleges that at all relevant times each defendant, including the DOE defendants 1 through 10, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein was in the course and scope of and in furtherance of such relationship. Unless otherwise specified, Plaintiff will refer to all defendants, including the Company, collectively as "Defendant" and each allegation pertains to each Defendant.

## SUMMARY OF CLAIMS

5. Plaintiff brings this suit as a collective action on behalf of the following similarly situated persons:

> All current and former Financial Service Representatives who have worked for SunTrust within the statutory period covered by this Complaint, and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) ("Nationwide Collective Class").

6. Plaintiff further brings this suit on behalf of a class of similarly situated persons composed of:

> All current and former Financial Service Representatives who have worked for SunTrust in the State of North Carolina during the statutory period covered by this Complaint (the "NC Class").

7. The Nationwide Collective Class and the NC Class are hereafter collectively referred to as the "Classes."

8. Plaintiff alleges on behalf of the Nationwide Collective Class that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive

overtime premium pay, as required by law and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

9. Plaintiff alleges on behalf of the NC Class that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by the NCWHA, and (ii) entitled to liquidated damages and interest, pursuant to NC Gen. Stat. § 95-25.22.

10. As a result of Defendant's willful violation of the FLSA and NCWHA, Plaintiff and the Classes were illegally under-compensated for their work.

## PARTIES

11. Plaintiff Terri Burleson ("Burleson" or "Plaintiff") was a Financial Services Representative employed by Defendant in the State of North Carolina during the statutory period covered by this Complaint who Defendant failed to compensate for all hours worked, including premium overtime compensation for all hours worked above and beyond forty in a workweek. Plaintiff was primarily employed by Defendant at its Matthews, North Carolina branch location.

12. Plaintiff consents in writing to be a party to this collective action pursuant to 29 U.S.C. §216(b).

13. Defendant SunTrust Bank is a Georgia Corporation with its principal place of business at 303 Peachtree Street, N.E., Atlanta, GA 30308. Upon information and belief, SunTrust Bank is a wholly-owned subsidiary of Defendant SunTrust Banks, Inc. Through its network of branch locations, SunTrust Bank offers a full line of financial services for consumers and businesses. At all relevant times during the statutory period covered by this Complaint Defendant SunTrust Bank has transacted business within the State of North Carolina.

14. Defendant SunTrust Banks, Inc. is a Georgia Corporation with its principal place

of business at 303 Peachtree Street, N.E., Atlanta, GA 30308. Defendant SunTrust Banks is the parent of Defendant SunTrust Bank, and operates as one of the nation's largest commercial banking organizations.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331.

16. In addition, this Court has supplemental jurisdiction under 28 U.S.C. §1367 over the North Carolina state law claims because those claims derive from a common nucleus of operative facts.

17. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

18. Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and the Defendant is subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

19. The crux of the FLSA and NCWHA is that all employees are entitled to be paid for all hours worked, and paid premium overtime compensation for all hours worked in excess of forty hours per workweek, unless proven to be exempt.

20. Contrary to these basic protections, Plaintiff and the members of the Classes were not lawfully paid for all hours they worked above and beyond forty in any given workweek.

21. Plaintiff and the members of the Classes are or were employed by Defendants as Financial Service Representatives in branch office locations. Financial Service Representatives are non-exempt employees entitled to receive premium overtime compensation for all hours worked in excess of forty hours per workweek.

22. Upon information and belief, Plaintiff and the members of the Classes had to get approval from supervisors in order to be credited and paid for the hours they worked in excess of forty.

23. Due to the nature of their job responsibilities and requirements, Plaintiff and the members of the Classes regularly worked more than forty hours a week during the course of their employment with Defendants for which they did not receive overtime compensation.

24. Upon information and belief, Plaintiff and the members of the Classes were permitted and required to work hours which they were not allowed to record in order to contain the labor hours for the given branch location.

25. During the course of her employment with Defendants, Plaintiff and the other members of the Classes were not credited for all the hours they worked, including but not limited to time spent opening branch offices and attending mandatory morning meetings and conferences.

26. In addition, Plaintiff and the members of the Classes were subject to Defendants' minimum sales quotas. In order to meet these sales goals, Financial Service Representatives, including Plaintiff, often had to work through all or part of their lunch and/or stay beyond their scheduled shift. Failure to meet the required sales quotas resulted in disciplinary measures taken against the Financial Service Representative.

27. Plaintiff was required to participate in a call night, at least one night each week that lasted at least an hour, during which she was required to call individuals and market SunTrust's products and services. Plaintiff was not credited for all the time worked during these call nights.

28. The result of these practices was that Plaintiff and the members of the Classes

5

were not credited for all the time spent working in excess of forty hours per workweek. Plaintiff regularly worked in excess of forty-two hours a week.

29. In violation of the FLSA and NCWHA, Plaintiff and the members of the Classes have not been paid overtime compensation at a rate not less than one and one-half times their regular rate for all work performed beyond the 40 hour workweek.

30. Plaintiff alleges that Defendants' failure to pay all wages, including overtime, was knowing and willful. Accordingly, Plaintiff and the members of the Classes are entitled to recover all wages due for overtime hours worked, for which the appropriate compensation was not paid.

31. Evidence reflecting the precise number of overtime hours worked by Plaintiff, as well as the applicable compensation rates, are in the possession of Defendants. If these records are unavailable, Plaintiff and the members of the Classes may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to Defendants. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

32. Each of the foregoing acts is in contravention of applicable provisions of the FLSA and NCWHA.

## COLLECTIVE/CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of herself and the Nationwide Collective Class as a collective action pursuant to the FLSA, § 216(b) and on behalf of the NC Class as a class action for claims under the NCWHA pursuant to Fed. R. Civ. P. 23.

34. The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b). The claims under the NCWHA may be pursued by all similarly-situated persons who choose not to opt-out of the NC Class pursuant to Fed. R. Civ. P. 23.

35. The number of individuals in each of the Classes is so numerous that joinder of all members is impracticable. The exact number of members of the Classes can be determined by reviewing Defendants' records. Plaintiff is informed and believes and thereon alleges that there are over a hundred individuals in each defined class.

36. Plaintiff will fairly and adequately protect the interests of the Classes, and has retained counsel that is experienced and competent in class action and employment litigation. Plaintiff has no interests that are contrary to, or in conflict with, members of the Classes.

37. A collective/class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

38. A collective and class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, members of the Classes likely will not obtain redress of their injuries, and Defendants will retain the proceeds of their violations of the FLSA and NCWHA.

39. Furthermore, even if any member of the Classes could afford individual litigation against SunTrust, it would be unduly burdensome to the judicial system. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Classes and provide for judicial consistency.

40. There is a well-defined community of interest in the questions of law and fact affecting the Classes as a whole. The questions of law and fact common to each of the Classes predominate over any questions affecting solely individual members of the action. Among the

common questions of law and fact are:

(a) Whether Defendants employed members of the Classes within the meaning of the applicable statutes, including the FLSA;

(b) Whether Plaintiff and members of the Classes were expected to, and/or mandated to, regularly work overtime hours each workweek;

(c) Whether Defendants failed to pay Plaintiff and members of the Classes for all hours worked;

(d) Whether Defendants violated any other statutory provisions regarding compensation due to Plaintiff and members of the Classes; and

(e) Whether Plaintiff and members of the Classes have sustained damages and, if so, the proper measure of damages.

41. Plaintiff's claims are typical of the claims of members of the Classes. Plaintiff and members of the Classes have sustained damages arising out the wrongful and uniform employment policies of Defendant in violation of the FLSA and the NCWHA as alleged herein.

42. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

## COUNT ONE

43. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

44. At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

45. Defendants employed Plaintiff and the members of the Nationwide Collective Class within the meaning of the FLSA.

46. At stated herein, Financial Service Representatives, including Plaintiff, regularly and customarily worked in excess of forty hours a week, without receiving compensation for all those hours in violation of the FLSA.

47. Due to Defendants' FLSA violations, Plaintiff, on behalf of herself and the members of the Nationwide Collective Class, is entitled to recover from Defendants their unpaid overtime compensation, an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT TWO

48. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

49. Defendants employed Plaintiff and the members of the NC Class within the meaning of the NCWHA.

50. At stated herein, Financial Service Representatives, including Plaintiff, regularly and customarily worked in excess of forty hours a week, without receiving compensation for all those hours.

51. At stated herein, Financial Service Representatives, including Plaintiff, regularly and customarily worked in excess of forty hours a week, without receiving compensation for all those hours in violation of the NCWHA.

52. Due to Defendants' NCWHA violations, Plaintiff, on behalf of herself and the members of the NC Class, is entitled to recover from Defendants their unpaid overtime compensation, an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NC Gen. Stat. § 95-25.22.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

A. A Declaration that Defendants have violated the applicable provisions of the FLSA and NCWHA;

B. An Order designating Nationwide Collective Class as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

C. An Order designating the NC Class as a class action pursuant to Federal Rule of Civil Procedure 23;

D. An Order appointing Plaintiff and her counsel to represent the Classes;

E. Imposition of a Constructive Trust on any amount by which Defendants were unjustly enriched at the expense of the Classes as the result of the actions described above

F. An Order enjoining Defendants from any further violations of the FLSA and NCWHA;

G. For compensatory and punitive damages and all other statutory remedies permitted;

H. Prejudgment interest;

I. An Order awarding attorneys' fees and costs; and

J. For all other relief as the Court deems just.

## JURY DEMAND

Plaintiff hereby demands a jury on all issues so triable.

Dated: November 6, 2012

Respectfully submitted,

By: */s/ Gary W. Jackson* _____
    Gary W. Jackson
    Sam McGee
    Jackson & McGee, LLP
    225 E. Worthington Avenue, Suite 200
    Charlotte, NC 28203
    Telephone: 704.377.6680
    Facsimile: 704.377.6690
    Email: gjackson@ncadvocates.com
          smcgee@ncadvocates.com

FARUQI & FARUQI, LLP
Gerald D. Wells, III
Robert J. Gray
101 Greenwood Ave.
Suite 600
Jenkintown, PA 19046
Telephone: (215) 277-5770
Facsimile: (215) 277-5771
Email: jwells@faruqilaw.com
       rgray@faruqilaw.com

CARLSON LYNCH, L.T.D.
Gary F. Lynch
Sunshine R. Fellows
36 N. Jefferson Street
P.O. Box 7635
New Castle, PA 16107
Telephone: (724) 656-1555
Email: glynch@carlsonlynch.com
       sfellows@carlsonlynch.com

-and-

Joseph A. Weeden
3000 Washington Blvd., Suite 426
Arlington, VA 22201
Telephone: (855) 4 CLASS LAW
Facsimile: (855) 425-2775

11
Case 3:12-cv-00734-RJC-DSC   Document 1   Filed 11/06/12   Page 11 of 11

Respectfully submitted,

By: */s/ Gary W. Jackson* _____
    Gary W. Jackson
    Sam McGee
    Jackson & McGee, LLP
    225 E. Worthington Avenue, Suite 200
    Charlotte, NC 28203
    Telephone: 704.377.6680
    Facsimile: 704.377.6690
    Email: gjackson@ncadvocates.com
          smcgee@ncadvocates.com

FARUQI & FARUQI, LLP
Gerald D. Wells, III
Robert J. Gray
101 Greenwood Ave.
Suite 600
Jenkintown, PA 19046
Telephone: (215) 277-5770
Facsimile: (215) 277-5771
Email: jwells@faruqilaw.com
       rgray@faruqilaw.com

CARLSON LYNCH, L.T.D.
Gary F. Lynch
Sunshine R. Fellows
36 N. Jefferson Street
P.O. Box 7635
New Castle, PA 16107
Telephone: (724) 656-1555
Email: glynch@carlsonlynch.com
       sfellows@carlsonlynch.com

-and-

Joseph A. Weeden
3000 Washington Blvd., Suite 426
Arlington, VA 22201
Telephone: (855) 4 CLASS LAW
Facsimile: (855) 425-2775